UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAMAR MAURICE WILLIAMSON**                          **CIVIL ACTION**

**VERSUS**                                            **NO. 08-4598**

**STATE OF LOUISIANA, ET AL.**                        **SECTION: "D"(3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Lamar Maurice Williamson, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, Warden Al Strain, and unnamed staff members of the St. Tammany Parish Jail. In this lawsuit, plaintiff claims that he is being denied necessary medication and that his bedding has been confiscated.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> 	(i) is frivolous or malicious;
> 	(ii) fails to state a claim on which relief may be granted; or
> 	(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that many of plaintiff's claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant immune from such relief.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

<u>State of Louisiana</u>

Plaintiff has named the State of Louisiana as a defendant.  The claim against the state is subject to dismissal on several grounds.

First, the instant lawsuit concerns events which occurred in a parish jail, not a state prison. As explained below, it is the parish sheriff who operates the parish jail.  Therefore, the state is an improper defendant with respect to plaintiff's claims.  <u>See</u> <u>Fairley v. Stalder</u>, No. 07-30589, 2008 WL 3244022, at *4 (5th Cir. Aug. 6, 2008).

Second, states are not "persons" subject to suit under 42 U.S.C. § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 66 (1989); <u>Laxey v. Louisiana Board of Trustees</u>, 22 F.3d 621, 623 n.2 (5th Cir. 1994); <u>Cronen v. Texas Department of Human Services</u>, 977 F.2d 934, 936 (5th Cir. 1992).

Third, in any event, plaintiff's claim against the state is prohibited by the Eleventh Amendment, the federal constitutional provision which bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.  <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002).  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
> 	Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Id</u>. at 281 (quotation marks and citations omitted).

3

St. Tammany Parish

Plaintiff has also sued St. Tammany Parish; however, that claim fails for at least two reasons.

First, plaintiff has not alleged a proper Monell claim[2] against the parish government in this case. Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Plaintiff has made no allegation whatsoever that his alleged injuries in the instant case were caused by a policy or custom of the St. Tammany Parish government.

Second, in any event, plaintiff *could not* allege a valid Monell claim against St. Tammany Parish regarding these incidents which occurred in the St. Tammany Parish Jail because the parish government does not operate that jail. Pursuant to Louisiana law, the responsibility for a parish jail is divided between the local governing authority and the parish sheriff. Put simply, the parish is responsible for financing and maintaining the jail, La.Rev.Stat.Ann. §§ 15:304,[3] 15:702,[4] and

---

[2] See Monell v. Department of Social Services, 436 U.S. 658 (1978).

[3] La.Rev.Stat.Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by ... confinement ... of persons accused or convicted of crimes ... shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[4] La.Rev.Stat.Ann § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

33:4715,[5] while the sheriff is responsible for the day-to-day operation of the jail, La.Rev.Stat.Ann. §§ 15:704[6] and 33:1435.[7] Fairley v. Stalder, No. 07-30589, 2008 WL 3244022, at *4 (5th Cir. Aug. 6, 2008). The proper defendant for a Monell claim concerning alleged rights violations in a parish jail is the parish sheriff in his official capacity. See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613-14 (E.D. La. 1998).

### The St. Tammany Parish Sheriff's Office

Plaintiff's claim against the St. Tammany Parish Sheriff's Department is likewise improper. A parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

### The St. Tammany Parish Jail

Plaintiff has also named the St. Tammany Parish Jail as a defendant. Again, that is improper. A prison or jail is not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Smith, 2008 WL 347801, at *2; Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec.

---

[5] La.Rev.Stat.Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide ... a good and sufficient jail ...."

[6] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

[7] La.Rev.Stat.Ann. § 33:1435(A) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

### Warden Al Strain

The only remaining identified defendant is Warden Al Strain. Although plaintiff has not yet properly stated a claim against Strain in either his individual[8] or official capacity,[9] it is conceivable in this case that he could do so. Accordingly, because plaintiff is proceeding *pro se*, the undersigned recommends that Strain not yet be dismissed and that instead plaintiff be allowed an opportunity to amend the complaint within a reasonable period of time to correct the complaint's deficiencies. See

---

[8] Regarding individual-capacity claims, the United States Fifth Circuit Court of Appeals has noted: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, plaintiff has made *no allegations whatsoever* regarding Strain or his personal involvement in the events on which plaintiff's claims are based.

[9] "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Strain would in reality be a claim against the local governmental entity he serves. However, in order to hold a local governmental entity accountable for a constitutional violation, plaintiff must be able to show that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). As previously noted, plaintiff does not allege that the incidents about which he complains are the result of an official policy or custom.

Gallegos v. State of Louisiana Code of Criminal Procedures Art. 658 Paragraph A and C(4), 858 F.2d 1091, 1092 (5th Cir. 1988); Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, and the St. Tammany Parish Jail be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of October, 2008.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**