# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAMAR MAURICE WILLIAMSON | CIVIL ACTION |
| VERSUS | NO. 08-4598 |
| STATE OF LOUISIANA, ET AL | SECTION "D" (3) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e (c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.  Factual and Procedural Background

Plaintiff, Lamar Maurice Williamson, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, Warden Al Strain, and unnamed staff members of the St. Tammany Parish Jail, alleging that he was denied necessary medication and that his bedding was confiscated.

On October 27, 2008, the undersigned issued a Partial Report and Recommendation (Rec. Doc. No. 6) recommending dismissal of the plaintiff's claims against the defendants, the St.

Tammany Parish Jail, the St. Tammany Parish Jail Staff, the St. Tammany Parish Sheriff's Office, the State of Louisiana, and St. Tammany Parish, as frivolous. The undersigned also determined that Williamson failed to properly state a claim against the only other defendant, Warden Al Strain, in either his individual or official capacity. It was recommended that Williamson be given time to amend the complaint to state a claim against Warden Strain.

On November 24, 2008, the District Judge adopted the report and recommendation.[1] The Court dismissed with prejudice as frivolous the claims against the defendants, the St. Tammany Parish Jail, the St. Tammany Parish Jail Staff, the St. Tammany Parish Sheriff's Office, the State of Louisiana, and St. Tammany Parish, and ordered Williamson to file an amended complaint by December 31, 2008, to state a claim against Warden Strain in either his individual or official capacity. Williamson did not respond to this order and has not amended his complaint.

## II.  Dismissal of Warden Strain is Warranted

As discussed in the prior report, pursuant to 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison conditions, 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these provisions, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir.

---

[1]Rec. Doc. No. 8.

1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, although Warden Strain is identified as a defendant, Williamson failed to state a claim against him in either his individual capacity or his official capacity.  The United States Fifth Circuit Court of Appeals has determined that "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Williamson has made no allegations whatsoever regarding Warden Strain or his personal involvement in any of the events on which plaintiff's claims are based.  He has not stated an individual capacity claim against him.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.

1999). Accordingly, an official-capacity claim against Warden Strain would be a claim against the local governmental entity he serves; in this case, St. Tammany Parish. However, as discussed thoroughly in the previous report, Williamson has not stated a claim against St. Tammany Parish and his claims against that entity have already been dismissed as frivolous. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997). He has not stated a proper claim against Warden Strain in his official capacity.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Williamson's § 1983 claims against the defendant, Warden Al Strain, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim pursuant to 28 U.S.C. § 1915 and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of March, 2009.

                                                   **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**